SUCESIÓN LANDRAU, DEMANDANTE Y APELANTE, *v.* SUCESIÓN LANDRAU ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en pleito sobre división de finca rústica y otros extremos.

No. 1664.—Resuelto en abril 23, 1917.

DESESTIMACIÓN DE APELACIÓN—TRANSCRIPCIÓN DE AUTOS—TÉRMINO PARA RADICARLA—EXPOSICIÓN DEL CASO—ENMIENDAS A LA MISMA.—Una transcripción de autos debe ser archivada en la secretaría de la Corte Suprema dentro de los treinta días siguientes al en que se haya aprobado la exposición del caso, debiendo ser desestimada la apelación cuando se dejare de presentar dentro de término y sin haberse obtenido prórroga para ello (artículo 299 y 303 del Código de Enjuiciamiento Civil en relación con las secciones 40, 58 y 60 del Reglamento del Tribunal Supremo). Y no servirá de excusa al apelante para dejar incumplida la ley el hecho de que el apelado pidiera señalamiento para vista de enmiendas a la exposición del caso y ésta fuera aprobada sin haberse hecho aquel señalamiento, dejando transcurrir desde entonces el término legal para radicar los autos de la apelación, sin practicar gestión alguna para que se dejara sin efecto la orden aprobatoria de la exposición del caso, hasta que el apelado presentó su moción sobre desestimación del recurso.

ID.—EXPOSICIÓN DEL CASO—IGNORANCIA O DESCUIDO—NOTIFICACIÓN DE ORDENES—ABOGADOS—FUNCIONARIOS DE LA CORTE.—No puede alegar una parte apelante su ignorancia o descuido de la orden aprobatoria de una exposición del caso por falta de notificación por el secretario, pues dicha orden no es de las comprendidas dentro de las excepciones a la regla contenida en las leyes No. 70 de 1911 y 33 de 1915. El abogado, en cuanto al particular respecta, es tan funcionario de la corte como lo es el secretario, y se presume que asiste a la corte, siendo deber suyo enterarse de la marcha de sus casos.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Sandalio Torres Monje.*

Abogados de la sucesión apelada: *Sres. Alvarez Nava & Domínguez.*

Los otros apelados no comparecieron

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La Sucesión de Gerónimo Landrau, parte demandada y

apelada en el caso arriba expresado, presentó moción ante esta Corte Suprema en 5 de abril corriente, notificada en ese mismo día a la parte contraria, Sucesión de Maximino Landrau, para que se desestimara el recurso de apelación por ella interpuesto en noviembre 22, 1912, contra la sentencia de la Corte de Distrito de San Juan, Sección 2ª., dictada en 6 del propio mes, y alega como fundamento de su petición que la exposición del caso fué aprobada en 19 de febrero de 1917 sin que en la fecha de la moción se hubiera radicado en la Secretaría de esta Corte Suprema la transcripción del récord ni solicitado prórroga para hacerlo.

A la moción se acompañó certificación del secretario de la expresada corte de distrito, justificativa de los hechos en que la moción se funda.

La sucesión demandante y apelante en oposición a la moción alega y justifica: 1°. Que en 20 de enero de 1917 se le notificó con copia una moción, fecha del día anterior, de la sucesión de Gerónimo Landrau, pidiendo a la Corte de Distrito de San Juan, Sección 2ª., se señalara día para la discusión de la exposición del caso enmendada y presentada por la parte apelante; 2°. Que no aparece haberse radicado en los autos la moción de que se deja hecho mérito; 3°. Que tampoco aparece que con anterioridad al 20 de enero de 1917 ni posteriormente, se haya notificado señalamiento alguno al abogado de la sucesión apelante para la vista de las enmiendas al escrito de exposición del caso; 4°. Que en 10 de abril corriente la sucesión apelante presentó moción a la Corte de Distrito de San Juan, Sección 2ª., para que enmendara y dejara sin efecto la orden aprobatoria de la exposición del caso de 19 de febrero de 1917, reponiendo el procedimiento al estado en que se hallaba en 19 de enero, fecha de la moción en que el demandado pidió señalamiento de día para la discusión de las enmiendas a la exposición del caso.

La cuestión legal sobre procedencia o improcedencia de la desestimación del recurso, se resuelve por el artículo 299 del Código de Enjuiciamiento Civil tal como quedó enmen-

dado por la Ley No. 70 aprobada en marzo 9, 1911, y por el
artículo 303 del Código de Enjuiciamiento Civil y las sec-
ciones 40, 58 y 60 del Reglamento de esta Corte Suprema.

El artículo 299 del Código de Enjuiciamiento Civil, en-
mendado por la Ley No. 70 de 1911, prescribe en su último
apartado que el récord de la apelación debe ser archivado
en la Secretaría de la Corte Suprema dentro de los 30 días
siguientes al en que se haya aprobado el pliego de excepciones
y exposición del caso, con la constancia de haberse entregado a
los abogados de las partes apeladas una copia literal del mismo
certificada por el abogado del apelante. Y el artículo 303
del Código de Enjuiciamiento Civil con el cual concuerdan
los 40, 58 y 60 del Reglamento .de esta corte, estatuye que
si el apelante dejare de presentar los documentos requeridos
la apelación deberá ser desestimada sin oirse.

Los preceptos legales anteriormente citados son tan cla-
ros y terminantes que no necesitan explicación alguna.

La parte apelante dejó de presentar dentro del término
de 30 días que la ley señala, sin pedir prórroga alguna para
hacerlo, el récord de la apelación y procede por tanto que el
recurso sea desestimado.

No favorece la oposición hecha a la moción por la suce-
sión apelante, la alegación de que la parte apelada, sucesión
de Gerónimo Landráu, pidiera el señalamiento de día para
la vista de las enmiendas a la exposición del caso y que ésta
fuera aprobada sin haberse hecho aquel señalamiento, pues
siempre resalta como indiscutible el hecho de que la exposi-
ción del caso fué aprobada con o sin las formalidades debidas
por la Corte de Distrito de San Juan, Sección 2ª., en 19- de
febrero de 1917, y que la parte apelante dejó transcurrir el
término de treinta días señalado por la ley sin presentar el
récord de la apelación en la Secretaría de esta Corte Suprema
y sin practicar gestión alguna para que se dejara sin efecto
la orden aprobatoria de la exposición del caso hasta que la
parte apelada presentó su moción para la desestimación del
recurso.

Y no puede alegar la parte apelante ignorancia o desco nocimiento de la orden aprobatoria de la exposición del caso por falta de notificación, pues ya dijimos al resolver el caso de *certiorari* de *Guardian Assurance Company, Ltd.,* v. *López Acosta, Juez de Distrito,* 24 D. P. R. 637: "El Secretario por virtud de estatutos específicos (Leyes de 1911, No. 70, y Leyes de 1915, No. 33) está en el deber de notificar las sentencias a la parte perjudicada, y las resoluciones en que se declara con o sin lugar una moción para eliminar o una excepción previa para cualquiera alegación, y no se anunciare la decisión en presencia de las partes o de sus abogados, pero este deber es la excepción que señala la regla. No tiene ninguna otra obligación de notificar órdenes a un apelante. El abogado en cuanto al particular respecta, es tan funcionario de la corte como lo es el secretario. Se presume que dicho abogado asiste a la corte y es su deber el enterarse de la marcha de sus casos."

Por las razones expuestas procede declarar con lugar la moción de la parte apelada y desestimar el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.